# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAMON ODIN LAGOS,           )
      Plaintiff,           )    Civil Action No. 09-297 Erie
                          )
      v.                  )    Magistrate Judge Susan Paradise Baxter
                          )
FEDERAL BUREAU OF PRISONS   )
      Defendants.         )

## MEMORANDUM OPINION

M.J. Susan Paradise Baxter[1]

**Relevant Procedural History**

      Plaintiff, a federal prisoner, acting pro se, filed this civil rights action under 42 U.S.C. § 1983 on November 30, 2009. In his Original Complaint, Plaintiff alleges that his constitutional rights have been violated in numerous ways during a riot and its subsequent aftermath at FCI-McKean beginning around August 2009. ECF No. 4.[2] Named as Defendants to this action are: the Federal Bureau of Prisons and Francisco Quintana, the former Warden of the Federal Correctional Institution where Plaintiff remains incarcerated.

      In opposition to the Original Complaint, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 18. Thereafter, Plaintiff filed a First Amended

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 2, 22.

[2] The nineteenth edition to The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n, et al. eds., 19th ed. 2010) provides citation form for court documents filed with the Electronic Case Management system of the federal courts. Rule B7.1.4. Although The Bluebook advises pinpoint citation to a document's original page number, this Court finds its practice of citing to the page number contained in the PACER header more efficient and will continue its prior practice of citing to that page number herein.

Complaint, somewhat clarifying and organizing the allegations of his Original Complaint. ECF No. 25. In opposition to the filing of the First Amended Complaint, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 28. Next, Plaintiff filed a proposed Second Amended Complaint, as well as a brief in opposition to the pending dispositive motions. ECF No. 32, 33, and 34.[3]

Presently pending before this Court are the following motions: Defendants' motion to dismiss, or in the alternative for summary judgment against the Original Complaint [ECF No. 18]; Defendants' motion to dismiss, or in the alternative for summary judgment against the First Amended Complaint [ECF No. 28]; and Plaintiff's "Motion to dismiss the motion to dismiss, motion for summary judgment" [ECF No. 33]. Although titled as a motion, Plaintiff's filing is a legal brief in opposition to Defendants' dispositive motions.

**Standards of Review**

    1) **Pro Se Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

---

[3] Even after a thorough review, this Court does not construe any of the allegations of any of Plaintiff's complaints as advancing a claim under the Federal Tort Claims Act.

Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This

4

> 'plausibility' requirement will be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

### 3) Motion for summary judgment pursuant to Rule 56

According to the Federal Rules of Civil Procedure which became effective on December 1, 2010, summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

**The Exhaustion Requirements of the Prison Litigation Reform Act**

Defendants move to dismiss, or for summary judgment, based upon Plaintiff's failure to exhaust in accordance with the provisions of the Prison Litigation Reform Act.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to

6

exhaust all the available remedies.[4] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.[5]

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion).

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to

---

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is not a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[5] A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Jones, 549 U.S. at ___, 127 S.Ct. at 921.

system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

In support of their dispositive motions, Defendants have provided sworn evidence that Plaintiff has not exhausted the administrative remedy process. See ECF No. 19; 19-1, Declaration of Vanessa Herbin-Smith, Supervisory Paralegal for the Northeast Regional Office of the Federal Bureau of Prisons. Throughout his filings, Plaintiff acknowledges that he has not exhausted his administrative remedies; instead, Plaintiff opposes the dispositive motions by arguing that exhaustion is "not applicable to actions alleging a violation of constitutionally

protected rights." ECF No. 24. In this regard, Plaintiff is mistaken as the PLRA has clearly mandated exhaustion since its enactment in 1996. Plaintiff further argues that his failure to exhaust should be excused because he was fearful of retaliation. Unfortunately for Plaintiff, fear of possible retaliation has not been recognized by the Third Circuit as a valid legal excuse for the failure to exhaust. See Pena-Ruiz v. Solorzano, 281 Fed.Appx 110, 113 (3d Cir. 2008); DiGiovanni v. New Jersey, 2006 WL 2524174, at *2 (D.N.J. 2006).

Accordingly, Plaintiff's failure to comply with the exhaustion requirement of the Prison Litigation Reform Act cannot be excused and Defendants' motions for summary judgment will be granted.

In opposition to the second dispositive motion, Plaintiff filed a proposed Second Amended Complaint. ECF No. 32. There is nothing in the proposed pleading which will overcome the failure to exhaust administrative remedies, and therefore, allowing Plaintiff to proceed with the Second Amended Complaint would be futile.[6]

An appropriate Order follows.

---

[6] A district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 12(a)(2). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAMON ODIN LAGOS,** ) | |
| Plaintiff, ) | Civil Action No. 09-297 Erie |
| ) | |
| v. ) | Magistrate Judge Susan Paradise Baxter |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et al** ) | |
| Defendants. ) | |

**O R D E R**

AND NOW, this 17th day of December, 2010;

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss, or in the alternative for summary judgment [ECF No. 18] is GRANTED and Defendants' motion to dismiss, or in the alternative for summary judgment [ECF No. 28] is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's "Motion to dismiss the motion to dismiss, motion for summary judgment" [ECF No. 33] is dismissed.

IT IS FURTHERED ORDERED that the Clerk of Courts is directed to close this case.


                                                                  /s/ Susan Paradise Baxter
                                                                   SUSAN PARADISE BAXTER
                                                                   United States Magistrate Judge